4

J. RUSSELL CUNNINGHAM, State Bar #130578
J. LUKE HENDRIX, State Bar #271424
GABRIEL P. HERRERA, State Bar #287093
NABEEL M. ZUBERI, State Bar #294600
DESMOND, NOLAN, LIVAICH & CUNNINGHAM
1830 15th Street
Sacramento, California 95811
Telephone: (916) 443-2051
Facsimile: (916) 443-2651

Attorneys for Thomas A. Aceituno
Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>EDGAR J. BEACH and<br><br>RHEA V. BEACH,<br><br>                 Debtors. | Case No. 09-21417-B-7<br>Chapter 7<br><br>DNL-2<br><br>Date: April 8, 2014<br>Time: 9:32 a.m.<br>Place: Dept. B, Courtroom 32<br>        501 I Street, 6th Floor<br>        Sacramento, CA 95814 |

### MOTION FOR TURNOVER

THOMAS A. ACEITUNO ("Trustee"), in his capacity as the Chapter 7 trustee for the bankruptcy estate of EDGAR J. BEACH and RHEA V. BEACH (collectively "Debtors"), hereby moves for an order compelling the Debtors to turn over $153,000, which is the net proceeds the Debtors received on account of the sale of the bankruptcy estate's interest in real property generally located at 4329 Calcutta Way, Sacramento, CA 95842 ("Calcutta Property"), pursuant to 11 U.S.C. § 542(a). In support thereof, Trustee submits the following:

///

///

1

## JURISDICTION AND BACKGROUND

1. Jurisdiction for this motion exists pursuant to 11 U.S.C. Section 1334; 11 U.S.C. Section 157(b)(2)(E); and 11 U.S.C. Section 542(a). Venue is proper pursuant to 28 U.S.C. Section 1409(a).

2. On January 28, 2009, the Debtors commenced the above-captioned bankruptcy case by the filing of a voluntary Chapter 7 petition. On May 29, 2009, the case was closed without distribution to creditors and on May 1, 2013, re-opened to administer unscheduled assets. Trustee is the duly appointed trustee of the Debtors' bankruptcy estate.

3. Among the assets of the Debtors' bankruptcy estate is the Debtors' beneficial interest in the Calcutta Property. Pre-petition, the debtor Edgar Jackson Beach ("Jack") gave his father, WILLIAM RODERICK BEACH ("Roderick"), two cashier's checks to purchase the Calcutta Property and real property generally located at 6841 Speckle Way, Sacramento, CA 95842 ("Speckle Property"). Roderick Transcript, p. 6; p. 17. Roderick took bare legal title to the Calcutta Property and the Speckle Property on July 11, 2008 and October 10, 2008, respectively. Roderick took title to the properties solely as an accommodation for the Debtors, and he was to hold the properties while the Debtors were in bankruptcy. Roderick Transcript, pp. 6-7; p. 17.

4. In furtherance of the agreement with the Debtors, on October 29, 2008, Roderick conveyed bare legal title to the Speckle Property to TANJA KELEMEN ("Tanja"). Roderick Transcript, pp. 7-8. On December 17, 2008, Roderick conveyed bare legal title to the Calcutta Property to Tanja. Similar to Roderick, Tanja was to hold title to the properties solely as an accommodation for the Debtors. Roderick Transcript, pp. 7-8; p. 16; p. 17.

5. Tanja was the conservatee in Sacramento County Probate Case No. PR06955 from ("Conservatorship Case") February 21, 1989 until her death in or about August 2013. Roderick was a close friend of Marie Kelemen Legalsi ("Marie"), Tanja's mother. Roderick Transcript, p. 7. In fact, Roderick, Marie, and Tanja held a joint bank account. Roderick Transcript, p 14.

6. On April 13, 2009, without the knowledge or consent of Trustee, the Calcutta Property was voluntarily sold by Tanja to Daniel Hushman and Kimberly Hushman. Roderick

1 Transcript, pp. 12-14. The net proceeds, approximately $153,000, were converted to cash and
2 remitted to the Debtors by Roderick. Roderick Transcript, pp. 12-14.

3     7.    The Debtors' interest in the Calcutta Property and the Speckle Property was not
4 disclosed in the Debtors' January 28, 2009 schedules. To date, no amendments to the Debtors'
5 schedules have been filed.

6     8.    On November 13, 2013, Tanja's conservator, CAROLYN M. YOUNG
7 ("Conservator"), abandoned the estate's claims of interest in the Calcutta Property and Speckle
8 Property by withdrawing notices of pending action issued in the Conservatorship Case.

9     9.    In conjunction with this motion, Trustee intends to file a motion for turnover of the
10 Speckle Property or its value. Trustee anticipates that the motion will be heard on the same day and
11 at the same time as the instant turnover motion.

## BASIS FOR RELIEF SOUGHT

The Debtors are in possession of $153,000, which is property of the estate and is not of inconsequential value or benefit. Pursuant to 11 U.S.C. Section 542(a), an entity in possession, custody, or control of property that the trustee may use, sell, or lease under 11 U.S.C. Section 363, "shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate." As noted above, the Debtors caused Roderick to purchase the Calcutta Property prior to the commencement of the Debtors' bankruptcy case. Roderick's name and later Tanja's name were merely used to hold bare legal title of the Calcutta Property, while the Debtors maintained actual ownership of the property. Indeed, upon the post-petition sale of the Calcutta Property, the net proceeds were remitted to the Debtors. As such, the Debtors' interest in the $153,000, which accounts for the proceeds of the sale of estate property, is property of the Debtors' bankruptcy estate that Trustee may use for the benefit of estate creditors. *See* 11 U.S.C. §§ 541(a)(1), 541(a)(6). The Debtors' interest in the $153,000 is not of inconsequential value or benefit to the estate. The Debtors are obligated to turn over the amount to Trustee. If the Debtors demonstrate they are no longer in possession of the net proceeds from the sale of the Calcutta Property, the Debtors must turn over its value, which in this instance is $153,000. *See Shapiro v. Henson*, 739 F.3d 1198, 1201-1202

3

1  (9th Cir. 2014) (stating if an entity is no longer in possession of property of an estate at the time
2  of a turnover action, a trustee may recover the value of such property).
3      **WHEREFORE**, Trustee prays that the motion be granted, and for such other and further
4  relief as is necessary and proper.

Dated: March 11, 2014          **DESMOND, NOLAN, LIVAICH & CUNNINGHAM**

                                 By: _____
                                     **J. LUKE HENDRIX**
                                     Attorneys for Thomas A. Aceituno, Trustee

4