4

1  J. RUSSELL CUNNINGHAM, State Bar #130578
   J. LUKE HENDRIX, State Bar #271424
2  GABRIEL P. HERRERA, State Bar #287093
   DESMOND, NOLAN, LIVAICH & CUNNINGHAM
3  1830 15th Street
   Sacramento, California 95811
4  Telephone: (916) 443-2051
   Facsimile: (916) 443-2651
5
   Attorneys for Thomas A. Aceituno
6  Chapter 7 Trustee

7                    UNITED STATES BANKRUPTCY COURT

8                     EASTERN DISTRICT OF CALIFORNIA

9                           SACRAMENTO DIVISION

10

11  In re:                              Case No. 09-21417-B-7
                                        Chapter 7
12
    EDGAR J. BEACH and                  DNL-3
13
    RHEA V. BEACH,                      Date:  April 8, 2014
14                                      Time:  9:32 a.m.
                                        Place: Dept. B, Courtroom 32
15              Debtors.                       501 I Street, 6th Floor
                                               Sacramento, CA 95814
16

17                           **MOTION FOR TURNOVER**

18       THOMAS A. ACEITUNO ("Trustee"), in his capacity as the Chapter 7 trustee for the

19  bankruptcy estate of EDGAR J. BEACH and RHEA V. BEACH (collectively "Debtors"), hereby

20  moves for an order compelling the Debtors to turn over the real property generally located at 6841

21  Speckle Way, Sacramento, CA 95842 ("Speckle Property") or its value, pursuant to 11 U.S.C. §

22  542(a). In support thereof, Trustee submits the following:

23                        **JURISDICTION AND BACKGROUND**

24       1.   Jurisdiction for this motion exists pursuant to 11 U.S.C. Section 1334; 11 U.S.C.

25  Section 157(b)(2)(E); and 11 U.S.C. Section 542(a). Venue is proper pursuant to 28 U.S.C. Section

26  1409(a).

27       2.   On January 28, 2009, the Debtors commenced the above-captioned case by the filing

28  of a voluntary Chapter 7 petition. On May 29, 2009, the case was closed without distribution to

                                        1

1  creditors and on May 1, 2013, re-opened to administer unscheduled assets. Trustee is the duly
2  appointed trustee of the Debtors' bankruptcy estate.

3      3.    Among the assets of the Debtors' bankruptcy estate is the Debtors' beneficial interest
4  in the Speckle Property. Pre-petition, the debtor Edgar Jackson Beach ("Jack") gave his father,
5  WILLIAM RODERICK BEACH ("Roderick"), two cashier's checks to purchase the Speckle
6  Property and real property generally located at 4329 Calcutta Way, Sacramento, CA 95842
7  ("Calcutta Property"). Roderick Transcript, p. 6; p. 17. Roderick took bare legal title to the Calcutta
8  Property and the Speckle Property on July 11, 2008 and October 10, 2008, respectively. Roderick
9  took title to the properties solely as an accommodation for the Debtors, and he was to hold the
10 properties while the Debtors were in bankruptcy. Roderick Transcript, pp. 6-7; p. 17.

11     4.    In furtherance of the agreement with the Debtors, on October 29, 2008, Roderick
12 conveyed bare legal title to the Speckle Property to TANJA KELEMEN ("Tanja"). Roderick
13 Transcript, pp. 7-8. On December 17, 2008, Roderick conveyed bare legal title to the Calcutta
14 Property to Tanja. Similar to Roderick, Tanja was to hold title to the properties solely as an
15 accommodation for the Debtors. Roderick Transcript, pp. 7-8; p. 16; p. 17.

16     5.    Tanja was the conservatee in Sacramento County Probate Case No. PR06955 from
17 ("Conservatorship Case") February 21, 1989 until her death in or about August 2013. Roderick was
18 a close friend of Marie Kelemen Legalsi ("Marie"), Tanja's mother. Roderick Transcript, p. 7. In
19 fact, Roderick, Marie, and Tanja held a joint bank account. Roderick Transcript, p 14.

20     6.    On March 2, 2009, Tanja conveyed legal title to the Speckle Property to the Debtors.
21 On April 24, 2012, JOHN FRANCISCO VALASQUEZ ("John") took bare legal title to the Speckle
22 Property. John took title solely as an accommodation for the Debtors.

23     7.    On April 13, 2009, without the knowledge or consent of Trustee, the Calcutta
24 Property was voluntarily sold by Tanja to Daniel Hushman and Kimberly Hushman. Roderick
25 Transcript, pp. 12-14. The net proceeds, approximately $153,000, were converted to cash and
26 remitted to the Debtors by Roderick. Roderick Transcript, pp. 12-14.

27     8.    The Debtors' interest in the Calcutta Property and the Speckle Property was not
28

disclosed in the Debtors' January 28, 2009 schedules. To date, no amendments to the Debtors' schedules have been filed.

9. On November 13, 2013, Tanja's conservator, CAROLYN M. YOUNG ("Conservator"), abandoned the estate's claims of interest in the Calcutta Property and Speckle Property by withdrawing notices of pending action issued in the Conservatorship Case.

10. In conjunction with this motion, Trustee intends to file a motion for turnover of the proceeds from the sale of the Calcutta Property. Trustee anticipates that the motion will be heard on the same day and at the same time as the instant turnover motion.

## BASIS FOR RELIEF SOUGHT

The Debtors have possession, custody, and/or control of the Speckle Property, which is property of the estate and is not of inconsequential value or benefit. Pursuant to 11 U.S.C. Section 542(a), an entity in possession, custody, or control of property that the trustee may use, sell, or lease under 11 U.S.C. Section 363, "shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate." As noted above, the Debtors caused Roderick to purchase the Speckle Property prior to the commencement of the Debtors' bankruptcy case. Roderick's name and later Tanja's name were merely used to hold bare legal title of the Speckle Property, while the Debtors maintained actual ownership of the property. Indeed, post-petition, title to the Speckle Property was conveyed to the Debtors. While John currently holds legal title to the Speckle Property, John is only holding title as an accommodation for the Debtors. As such, the Speckle Property is property of the Debtors' bankruptcy estate that Trustee may use for the benefit of estate creditors. *See* 11 U.S.C. §§ 541(a)(1). The Debtors' interest in the Speckle Property is not of inconsequential value or benefit to the estate. The Debtors are obligated to turn over the Speckle Property to Trustee. If the Debtors demonstrate that they no longer maintain actual ownership of the Speckle Property, the Debtors must turn over its value. *See Shapiro v. Henson*, 739 F.3d 1198, 1201-1202 (9th Cir. 2014) (stating if an entity is no longer in possession of property of an estate at the time of a turnover action, a trustee may recover the value of such property).

1     **WHEREFORE**, Trustee prays that the motion be granted, and for such other and further relief as is necessary and proper.

Dated: March 11, 2014             DESMOND, NOLAN, LIVAICH & CUNNINGHAM

By: _____
      J. LUKE HENDRIX
      Attorneys for Thomas A. Aceituno, Trustee